# COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278512)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 17 2014

BY _Josephine Contreras_
JOSEPHINE CONTRERAS, DEPUTY

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO
## LIMITED JURISDICTION

| | |
|---|---|
| | Case No. CIVDS1418611 |
| JOE BASULTO AND MINNIE BASULTO, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT |
| Plaintiffs, | |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., | (Amount not to exceed $10,000) |
| Defendant. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| | 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by two individual consumers for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.     Plaintiffs, Joe Basulto and Minnie Basulto ("Plaintiffs"), are natural persons residing in San Bernardino County in the state of California, and are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

5.     On or around April of 2014, DEFENDANT sent a dunning letter to PLAINTIFF's mother's address in an attempt to collect an alleged debt owed.

6.     PLAINTIFF's mother is a third party and in no way associated with PLAINTIFF's debt.

7.     The purpose of the dunning letter to PLAINTIFF's mother's address was not for purposes of locating the PLAINTIFF.

8.     Furthermore, on or around February o f 2014, DEFENDANT communicated PLAINTIFF's credit information to the relevant credit reporting agencies when DEFENDANT knew or had reason to know that the information it was communicating was false.

9.    On May 9, 2014, Plaintiff's counsel sent a notice of representation to Defendant. Defendant has failed to respond at this time.

10.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a)  In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§§ 1692b & 1692c(b));

b)  In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§§ 1692b(1) & 1692c(b));

c)  Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & 1692c(b));

d)  Communicating to single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & 1692c(b));

e)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

f)  Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

g)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f); and

h)  Communicating information regarding a consumer debt to a member of Plaintiff's family prior to obtaining a judgment against the debtor, where the purpose of the communication was not to locate the debtor and neither Plaintiff nor Plaintiff's attorney consented to the communication (Cal. Civ. Code § 1788.12(b)).

11.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

12.     Plaintiffs reincorporate by reference all of the preceding paragraphs.

13.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

        A.     Actual damages;
        B.     Statutory damages for willful and negligent violations;
        C.     Costs and reasonable attorney's fees; and
        D.     For such other and further relief as may be just and proper.

///
///
///
///
///
///
///
///
///
///
///
///

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

14.    Plaintiffs reincorporate by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

      A.     Actual damages;
      B.     Statutory damages;
      C.     Costs and reasonable attorney's fees; and,
      D.     For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Respectfully submitted this 17th day of December, 2014.

By:    _____
          Todd M. Friedman, Esq.
          Law Offices of Todd M. Friedman, P.C.
          Attorney for Plaintiff